CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

DEC 14 2007

JOHN F CORCORAN, CLERK
BY: /s/ H. Dotson
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CASE No. 5:07cr00037 |
| ) | |
| v. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| GARY WAYNE MARPLE, ) | |
| ) | By: Hon. James G. Welsh |
| Defendant ) | U.S. Magistrate Judge |
| ) | |

The Grand Jury previously returned an Superseding Indictment ("Indictment") charging this defendant in Count One with knowingly combining, conspiring, confederating, and agreeing with diverse persons, both known and unknown to the Grand Jury, to knowingly and intentionally manufacture, distribute, and possess with the intent to distribute, no later than December 2006, more than fifty (50) grams of a mixture or substance containing cocaine base (commonly called "crack"), a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), all in violation of Title 21, United States Code, Section 846. The defendant was previously arraigned and entered a plea of Not Guilty to this charge. The defendant having now indicated an intent to change his plea, this case was referred to the undersigned for the purpose of conducting a plea hearing in accordance with the provisions of Title 28 U.S.C. § 636(b)(3).

The plea hearing was conducted before the undersigned on December 6, 2007. The defendant was at all times present in person and with his counsel, David I. McCaskey. The United States was represented by Donald R. Wolthuis, Assistant United States Attorney. The proceedings were recorded by a court reporter. *See* Rule 11(g).

With the defendant's informed and written consent, the undersigned made a Rule 11 inquiry; the government presented a written proffer of evidence for the purpose of establishing an independent basis for the plea, and the defendant entered a plea of guilty to Count One of the Indictment.

## A. DEFENDANT'S RESPONSES TO RULE 11 INQUIRY

The defendant was placed under oath and addressed personally in open court. He expressly acknowledged that he was obligated to testify truthfully in all respects under penalty of perjury and that he understood the government's right, in a prosecution for perjury or false statement, to use against him any statement that he gives under oath. *See* Rule 11(b)(1)(A).

The defendant testified that his full legal name is Gary Wayne Marple, that he is forty-four (44) years of age, that he completed the seventh grade in school in Virginia, and that he can read and write "some", and that he can understand English without difficulty. He denied having any medical condition, either physical or mental, which might interfere with his ability to understand and participate fully in the proceedings; he similarly denied using any medication or drugs which might impair his ability to understand and participate fully in the proceedings, and he stated that his mind was clear. Counsel for the defendant represented that he had no reservations about the defendant's competency to change his plea and to enter a plea of guilty to the charged offense.

The defendant testified that he had discussed the charge with his attorney, that he had previously received a copy of the Indictment against him. He testified that he understood the charge

2

against him, and he understood that it was a felony. *See* Rule 11(b)(1)(G). He testified that he had been given adequate time to prepare any defenses he might have to the charge contained in the Indictment, that he was fully satisfied with the services of his attorney, and that it was his intention and desire to change his prior plea and to enter a plea of guilty to the charge against him.

The attorney for the government informed the court that the defendant's proposed plea was to be made pursuant to a written plea agreement, and the government's understanding of the plea agreement was then stated in some detail, including the terms of the agreed sentencing guideline provisions and the defendant's agreement to be bound by the court's drug weight determination (¶ 3); the defendant's agreement to plead guilty to Count One of the Indictment (¶ 2); the defendants acknowledgment of the maximum and mandatory minimum sentences for the offense set forth in Count One (¶ 1); the defendant's obligation to pay a One Hundred Dollar ($100.00) special assessment (¶ 6); the agreement's provision pertaining to the defendant's offense role (¶ 4); the agreement's provision pertaining to the defendant's acceptance of responsibility (¶ 5); the provision setting forth the defendant's waiver of his right to appeal his conviction and sentence (¶ 9); his waiver of his right to a jury determination of all sentencing guideline issues (¶ 3); the terms of the defendant's waiver of his rights to attack collaterally either his conviction or any part of the sentence which might be imposed by the court (¶ 10); the terms of the defendant's waiver of any right to access investigation or prosecution records (¶¶ 9 and 11); the agreement's provision concerning any evidence proffered by the defendant (¶ 7); the agreement's substantial assistance provision (¶ 15); the defendant's obligation to provide a financial statement (¶ 8); the agreement's provisions concerning the abandonment of any contraband (¶ 12), the agreement's forfeiture provision (¶ 16), the terms of the

3

defendant's statute of limitations waiver (¶ 13); and the substance of the agreements other terms (¶¶ 14, 17 through 19).

Counsel for the defendant and the defendant then separately stated that their understanding of the plea agreement was the same as that set forth by the government's attorney. Counsel for the defendant further represented that all of the terms of the plea agreement had been reviewed with the defendant and that he was satisfied that the defendant understood each of its terms. The defendant then testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce him to enter into the plea agreement or to enter a plea of guilty in this case and that no one had attempted in any way to force him to plead guilty. He stated that he knew that his plea, if accepted, would result in him being adjudged guilty of a felony offense and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

He expressly acknowledged that he was proposing to enter a plea of guilty to Count One of the Indictment which charged him with the specific felony offense set forth above and also set forth in paragraph 1 of the written plea agreement.

After the attorney for the government stated the mandatory minimum penalty provided by law for the offense charged in Count One of the Indictment, the defendant acknowledged unequivocally

4

that he understood ten (10) years imprisonment to be the mandatory minimum penalty[1] which the court would be required to impose if his plea of guilty is accepted to Count One of the Indictment. *See* Rule 11(b)(1)(I). After the attorney for the government stated the maximum possible penalty provided by law for the offense charged in Count One of the Indictment, the defendant expressly acknowledged that he understood the maximum possible penalty provided by law for conviction of the felony set forth in Count One of the Indictment to be confinement in a Federal penitentiary for the remainder of his life and a $4,000,000.00 fine. *See* Rule 11(b)(1)(H).

The defendant was informed, and he expressly acknowledged, that the court's determination of his sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and the need to provide restitution. He acknowledged that he understood that the court may order him to make full restitution to any victim and may require him to forfeit certain property to the government. See Rule 11(b)(1)(J)–(K). He also stated that he knew that he would be required to pay a mandatory One Hundred Dollar ($100.00) special assessment. *See* Rule 11(b)(1)(L).

---

[1] The defendant was informed that a sentence of less than the mandatory minimum, however, was possible if the government in its discretion chose to make a motion pursuant to 18 U.S.C. § 3553(a) on his behalf, or if he qualified for the "safety valve" exception set forth in 18 U.S.C. § 3553(f).

5

The defendant testified that he and his attorney had talked about how the Sentencing Commission Guidelines might apply to his case, including the obligation of the court to consider these Guidelines and the court's discretion to depart from them under certain circumstances and in accordance with applicable court decisions. *See* Rule 11(b)(1)(M); *United States v. Booker*, 543 U.S. 220 (2005). In addition, he acknowledged that he understood the court would not be able to determine the recommended guideline sentence for his case until after the presentence report had been completed and he and the government each had an opportunity to challenge the facts reported by the probation officer. He acknowledged that he understood, irrespective of any sentence imposed by the court, he would have absolutely no right to withdraw his plea of guilty. He was informed and acknowledged that parole had been abolished and that he would not be released on parole.

Each of the defendant's procedural rights surrendered on a plea of guilty was also explained, including: his right to persist in his previous pleas of not guilty to the offenses charged against him; his attendant right to a trial by jury and right to be represented and to have the assistance of counsel at trial and at every other stage of the proceeding; his right at trial to see, to hear, to confront and to have cross-examined all adverse witnesses; his right to be protected from compelled self-incrimination; his right to testify and to present evidence in his defense; his right to the issuance of subpoenas, or compulsory process, to compel the attendance of witnesses to testify in his defense; his presumption of innocence; the obligation of the Government to prove his guilt beyond a reasonable doubt; the right on his part to decline to testify unless he voluntarily elected to do so in his own defense; and his right to have a unanimous guilty verdict. *See* Rule 11(b)(1)(B)–(E). The defendant

6

testified that he understood his right to persist in his pleas of not guilty and the attendant rights that he would waive upon entry of a guilty plea to Count One. *See* Rule 11(b)(1)(F).

The defendant then stated under oath that he was pleading guilty because he was in fact guilty of the crime charged in Count One of the Indictment. In response to further questioning to ensure that his proposed plea was voluntary, the defendant again stated that (other than the promises expressly set forth in the written plea agreement) his plea did not result from any force, threats, or promises of any kind (*See* Rule 11(b)(2)), that his decision to plead guilty was in fact fully voluntary on his part, and that it was being made with the advice and assistance of counsel.

To permit the court to determine that an independent factual basis existed for the plea, counsel for the government submitted a written statement summarizing the principal facts the government was prepared to prove at trial. After confirming that this written statement had been fully reviewed with the defendant, both the defendant and his attorney agreed that it fairly summarized the government's evidence.

After consultation with his attorney, the defendant waived a reading of the Indictment and entered a plea of GUILTY to Count One alleging the defendant's violation of Title 21, United States Code, Section 846.

After entering his plea as aforesaid, after an independent basis for the defendant's plea was established and after being informed that the undersigned would recommend acceptance of his

7

aforesaid plea, the defendant reiterated that his plea of guilty was fully voluntary and that he was fully satisfied with the advice, assistance and services of his attorney. The defendant was continued on his bond, pursuant to the same terms and conditions, pending completion of a presentence report.

### B. GOVERNMENT'S EVIDENCE

The Government submitted for filing in open court a written statement of facts. After ascertaining that the defendant was fully aware of its contents and that he and his attorney agreed to its accuracy, it was received and filed without objection and made a party of the record. It is incorporated and made a part hereof by reference.

### C. FINDINGS OF FACT

Based on the evidence, representations of counsel, and defendant's sworn testimony presented as part of the Rule 11 hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering informed pleas;

2. The defendant is fully aware of the nature of the charges and the consequences of his plea;

3. The defendant is fully informed, and he understands, the enumerated items set forth in Rule 11(b)(1)(A)–(N);

4. Before entering his guilty plea, the defendant and the government reached a plea agreement which was reduced to writing;

8

5. The defendant's entry into the written plea agreement and his tender of a plea of guilty to Count One were made with the advice and assistance of counsel;

6. The defendant's entry of a plea of guilty to Count One was made with knowledge and an understanding both of the nature of the offense and the full range of punishment which might be imposed;

7. The defendant's plea of guilty is fully voluntary and did not result from any force, threats, or promises other than those contained in the plea agreement;

8. The plea agreement complies with the requirements of Rule 11(c)(1); and

9. The evidence presents an independent basis in fact supporting each essential element of the offense to which the defendant is pleading guilty.

## D. RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to Count One and that a sentencing hearing be scheduled on a date and at a time convenient with the presiding district judge.

## E. NOTICE TO PARTIES

Notice is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(C). Within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of this court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions

Failure to file timely written objections to these proposed findings and recommendations within ten (10) days could waive appellate review. At the conclusion of the ten-day period, the Clerk is directed to transmit the record in this matter to the presiding United States district judge.

The clerk is directed to transmit a copy of this Report and Recommendation to all counsel of record.

DATED: this 14th day of December 2007.

s/ James G. Welsh
United States Magistrate Judge
